OPINION of the Court, by
Judge Owsxey.
This is a contest for lamí under adverse interfering claims, The appellants were defendants in the court below, and re'j ul)on elder patent. The contest turns, therc-fore, exclusively on the validity of the appellee’s claim, derived under the. latter of' the following entries:
“November 19, 1183 — Henry Banks enters 5000 acres, pin t, &c. beginning at the first main fork of Bra-shears’ creek, which is about 7 or 8 miles upon a direct ¡:,ie the mouth, and to run up in the fork, binding on both creeks, till the quantity be obtained.”
“ Also 5000 acres, part, &c. adjoining the above cn-try on the upper side, and to extend up both creeks, binding thereon, till the quantity he obtained exclusive of prior Cníl'fCsJ’
jgra,shears’ creek is represented on the connected plat mouthing in Salt liver; and about the distance called for in the first of the preceding entries, a fork formed by the junction with Gist’s creek and the first above the mouth is presented ; in which, and extending up and binding on both creeks an erpial distance when reduced to a straight line, by the decree of tiie court below, the first entry should have been surveyed ; and adjoining that survey above, and extending up and binding on both creeks until a line parallel with the upper line of the first survey will include the quantity, the entry under which the appellee claims, according to that decree, should also have been surveyed. And for so much of the land included in the appellee’s survey as made, and which will be included in the survey thus directed to be made, that court considered the appellee as having the better right, and decreed the appellants to surrender their claim accordingly.
*155 If Brashears5 creek, as represented on the plat, was known by that name at the date of the preceding entries* there can be no doubt but by the accuracy of description' contained in the entries, a subsequent locator would he conducted with absolute certainty and precision to the forks intended.
It is, however, contended that Brashears’ creek is not proven to have assumed that name, below the Forks, at the date of the entries. When the creek first obtained that name, the evidence, it; is true, is not very precise we think, however, under the various circumstances detailed in evidence, it must have been known by the name of Brashears’ creek, below the junction with Gist’s creek, when the entries of Banks were made. The depositions appear to have been very ¡«artificially taken, and although the witnesses do not in express words speak of the creek below the forks having been called Brashears’ creek at the date of the entries, yet from the general tenor of the depositions, we cannot doubt but what they intended so to he understood : for although they may not have been generally (as they express themselves) acquainted with the main stream until a subsequent date, from various expressions used in their depositions the idea is strongly to be implied that Era-shears’ creek was known by that name at a previous period. Indeed the evidence is express, that the creek, some distance above, as high up as Clear creek, was called by the name of Brashears’ creek, as early as 1780; and Mr. Whitaker, who seems to have had a pretty correct knowledge of that part of the country, speaks in his deposition of the creek from Gist’s creek up still retaining that name ; and as he had been previously speaking of the creek as it was known in 1780, the inference is strong he intended to be understood that the creek had retained the name of Brashears’ creek from that time. Besides, as there is no evidence of the creek below the forks ever having been called by any other name, but is provento have been well known by that name in 1784, when taken in connection with the evidence in relation to the stream above, it is but fair to conclude it was also known by the same name in 1783, when the entries were made.
But it is objected there is nothing in the cause by Which the evidence of the witnesses can be connected with the stream upon which the surveys have been made. *156 ^ *'S ^l’ue ^IC s’mim ívlLuíeii to by the witnesses is not described by them in express terms* as the one whereon the. surveys have been made ; l>ut from the perfect accordance between the creeks delineated by the surveyor on the plat ami those spoken of by the witnesses, the identity of the former with the latter is satisfactorily proven.
It is also objected that the entry under which the apr police derives claim, in calling for the exclusion of prior entries, is vague and invalid upon its face.
"Whatever doubts might exist as to the validity of this entry, were the objection now taken of the first impression, since the repeated decisions of this court sustaining entries with like calls, it cannot now be permitted to prevail. — See Hardin,34, 384 — 1 Bibb 60.
With respect to land claims, the interest of the community certainly requires in an imminent degree uniformity of decisions ; and this coart, acting in obedience to that interest, as well as from a due respect to their former adjudications in the consideration of analogous cases, should yield to their influence.
The case of Hanson .and Lashbrook, (vol. 3, 543) and those cases decided upon its authority, referred to in argument, were not intended to overrule those cases cited above, and on the authority of which this case must turn. Indeed in the former of those cases, this court, in delivering their opinion, took occasion to point out the distinguishing features of the two classes of cases. Perhaps those cases referred to in argument may restrain the application of the other class to very narrow limits; but wherever a case such as the present, precisely alike in every respect, occurs, it must be determined by their authority.
Upon the whole, we are of opinion the entry of the appellee is valid; and as there can be no question hut the court below' has directed it to be correctly surveyed, the decree of that court must be affirmed with costs.